IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER G. POLITIS, § | |
| NO. 95541637, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-05-3191 |
| § | |
| OFFICER M. ESCAMILLA, *et al.*, § | |
| Defendants. § | |

OPINION ON DISMISSAL

While detained by the Immigration and Customs Enforcement Agency ("ICE") in a Correction Corporation of America ("CCA") facility, plaintiff Christopher G. Politis filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entry No. 1). Plaintiff claims that defendants violated his constitutional rights by stamping his outgoing mail with words that left the impression that he was incarcerated in a correctional facility.

The Court will dismiss plaintiff's complaint because it is without a legal basis.

Background

State court records indicate that on February 17, 1998, plaintiff was convicted of criminal mischief and trespass in cause numbers 9737786 and 9737787 in Harris County Criminal Court Number 3. Punishment was assessed at twenty days confinement for each conviction, to run concurrently. (Telephone conversation with Clerk of Harris County Criminal Court Number 3).

State court records also indicate that on March 13, 2003, the 351st State District Court of Harris County, Texas, revoked plaintiff's deferred adjudication probation and found him guilty of possession of cocaine in cause number 836096. (Telephone conversation with Clerk of the 351st State District Court of Harris County, Texas). The state district court assessed punishment at

eighteen months' confinement in a state jail facility. (*Id.*). On the same day, the state district court dismissed a charge of assault of a police officer in cause number 935241. (*Id.*).

Plaintiff did not file a direct appeal from his drug conviction but filed two state habeas applications. The Texas Court of Criminal Appeals denied WR-59,118-01 without written order on August 25, 2004. <u>Texas Court website.</u>[1] The Texas Court of Criminal Appeals dismissed WR-59,118-02 on May 11, 2005, because plaintiff had discharged his sentence.[2] <u>Texas Court website</u>.[3]

In the pending civil rights complaint, plaintiff claims that M. Escamilla, the mailroom manager of the CCA facility where he was detained, incorrectly stamped all of plaintiff's outgoing mail. (Docket Entry No.1). Plaintiff claims that the stamp used by Escamilla gave the impression that plaintiff was incarcerated in a correctional facility instead of detained in a detention center. (*Id.*). Plaintiff claims because the stamp left state and local officials with the impression that he was an inmate, he was unable to access the records of his criminal convictions, he was hindered from practicing law and challenging his civil cases, and he was prevented from seeking a pardon from the State Bar. (*Id.*). He concedes that the federal detention facility later changed the stamp to one that indicated that he was a detainee in the correctional facility. (*Id.*).

Plaintiff also sues D. Cherry, the Warden of the CCA and Mr. Kowis, the INS/ICE contact and coordinator officer in the facility. Apparently plaintiff informed Cherry and Kowis of the stamp and they failed to act on his complaints.

---

[1] *See* http:// www.cca.courts.state.tx.us/opinons/EventInfo.asp?EventID=2167803.

[2] Plaintiff's state jail felony was discharged on June 29, 2004. He was transferred to the Correctional Corporation of American on the same day. (Docket Entry No.5).

[3] *See* http://www.cca.courts.state.tx.us/opinons/EventInfo.asp?EventID=2197068.

Plaintiff claims the use of the improper stamp violated the First Amendment "per U.S. Constitution, prohibiting the free exercise, or abridging the freedom or of the rights of people peacably [sic] to assemble, and to petition the Government for redress of grievances." (*Id.*). Plaintiff also claims that defendants violated the Fifth Amendment by "depriving plaintiff's life, liberty, property, without Due Process of law, which cause by the said STAMP behind the plaintiff's outgoing mail." (*Id.*). Plaintiff also alleges that defendants violated the Eighth Amendment because he did not have access to his records or transcripts to fight his criminal, immigration, or civil actions and because of his continued detention. Finally, plaintiff maintains defendants violated the Fifteenth Amendment by depriving him of life, liberty, or property without due process of law and denying him the equal protection of the law. (*Id.*).

Plaintiff complains that he has suffered emotional distress and mental anguish. He seeks compensatory and punitive damages. (*Id.*).

<center>Discussion</center>

Civil rights claims brought under 42 U.S.C. § 1983 are limited to constitutional violations by state officials. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds by Castenllano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Because plaintiff filed the pending suit against two employees of the CCA, which is a private entity acting on behalf of a federal agency, and against a federal employee, he cannot bring this action under § 1983.

Plaintiff does not indicate whether he seeks relief against defendants in their official or individual capacities. Official capacity suits against federal employees, however, are generally treated as suits against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Suits against the United States brought under the civil rights statutes are barred by sovereign immunity.

*Unimex, Inc. v. United States Dept. of Housing and Urban Development*, 594 F.2d 1060, 1061 (5th Cir. 1979). Therefore, to the extent that plaintiff sues defendant Kowis, who is a federal employee, in his official capacity, plaintiff's claims are barred by sovereign immunity.

No implied private right of action exists for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). Therefore, to the extent that plaintiff seeks relief from the CCA or from defendants M. Escamilla and D. Cherry in their official capacities, as employees of the CCA, this Court is without subject matter jurisdiction to consider such claims.

The violations of a person's constitutional rights by a federal official may give rise to an action for damages in federal court against a government officer in his individual capacity, even though § 1983 does not apply. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Therefore, plaintiff may proceed on his claim against defendant Kowis in his individual capacity.

Whether plaintiff may sue defendants Escamilla and Cherry in their individual capacities under *Bivens* is an open question because they are private individuals and not federal employees. *See Malesko*, 534 U.S. at 65 (noting that the question whether a *Bivens* action against a private individual was not presented).

The Court, however, will address plaintiff's claims against each defendant in his or her individual capacity.

### Officer Kowis

There is no doctrine of *respondeat superior* in *Bivens* actions. *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993). Consequently, defendant Kowis may be held liable

only if he is personally involved in the acts causing the deprivation of plaintiff's constitutional rights or if he implemented a policy so deficient that the policy itself acts as a deprivation. *Cronn v. Buffington*, 150 F.3d 538, 544-45 (5th Cir. 1998) (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

Plaintiff alleges nothing more in his pleadings about Officer Kowis's conduct except that he had contacted Kowis on "many different reasons in the past and also for the stamp." (Docket Entries No.1, No.5). Such allegation fails to show Kowis's personal involvement in the alleged unconstitutional acts or his role in the implementation of a deficient policy with respect to use of the stamp at issue. Because plaintiff states no facts that would give rise to a claim that Kowis was personally involved in the allegedly deficient conduct at issue or the implementation of a policy with respect to the stamp, his claims are frivolous and subject to dismissal.

### The CCA Employees

To the extent that this Court does not have subject matter jurisdiction over plaintiff's claims against private employees Escamilla and Cherry, plaintiff's complaint will be dismissed for want of jurisdiction. To the extent that this Court has subject matter jurisdiction over plaintiff's claims against Escamilla and Cherry as employees of a private entity, the Court will dismiss these claims for the reasons to follow.

At the time plaintiff filed this suit, D. Cherry was the warden of the CCA facility. (Docket Entry No.1). Plaintiff claims that he requested that she change the stamp on several occasions, but she did not reply to his requests. (Docket Entry No.5). Plaintiff claims that Cherry later denied the appeal of plaintiff's grievance about the stamp. (*Id.*).

Such allegations fail to show Cherry's personal involvement in the alleged unconstitutional acts or her role in the implementation of a deficient policy with respect to use of the stamp. Because plaintiff states no facts that would give rise to a claim that Cherry was personally involved in the allegedly deficient conduct at issue or the implementation of a policy with respect to the stamp, plaintiff's claims against her are frivolous and subject to dismissal.

Plaintiff complains that Mail-room Manager Escamilla stamped the envelopes of plaintiff's outgoing legal mail with a stamp, which stated "Inmates Correspondent Correction Corp[.] of America Houston Processing Center." He complained to Escamilla that the stamp implied that he was incarcerated instead of detained and thus prevented state and local officials from responding to his request for copies of his criminal records. (Docket Entry No.5). Plaintiff claims that Escamilla denied responsibility for the stamp and told plaintiff that he had to follow direct orders. (*Id.*). Escamilla also told plaintiff in June of 2005, that ICE had met four times to discuss a new design for the stamp. (*Id.*). Thereafter, the ICE authorized a new stamp. Plaintiff claims the new stamp was issued in response to the pending civil suit and to cover ICE's wrongdoing. (*Id.*). Even though ICE issued a new stamp, plaintiff claims the damage was already done. (*Id.*). He was denied access to his records. (*Id.*).

Plaintiff's pleadings show that Escamilla had no authority to substitute or change the stamp. He was not an ICE employee and acted only on CCA or ICE directives.

Moreover, plaintiff's records attached to his original pleadings do not show that plaintiff suffered an actual injury from the use of the stamp with respect to his criminal convictions or his federal civil rights suit. Plaintiff's exhibits show that he repeatedly sought a copy of his records from his alleged conviction for assault of a peace officer in cause number 935241 and that he was

6


informed that he had not been convicted of that offense because the charge had been dropped. (Docket Entry No.1). He also requested copies of his records in cause numbers 836096 for possession of cocaine, 935241 for assault of a public servant, and 9737786-7 for trespass and criminal mischief so that he could request a pardon.[4] (*Id.*, exhibit 9). He was informed that he was ineligible for full pardon consideration. (*Id.*, exhibit 10). Plaintiff also claims his suit in *Politis v. Dyer*, was denied for lack of transcripts and evidence but such was not the case. Plaintiff's civil rights suit was dismissed with prejudice for failure to state a claim upon which relief may be granted. Civil Action No.H:04cv2849 (S.D. Tex. Aug. 12, 2004).

Based on the foregoing, the Court finds that plaintiff's pleadings do not state a First, Fifth, Eighth, Fourteenth, or Fifteenth Amendment violation against defendants. Accordingly, his complaint is subject to dismissal as frivolous.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

2. All pending motions, if any, are DENIED.

SIGNED at Houston, Texas on February 17, 2006.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[4] Court records indicate that plaintiff twice challenged his drug possession conviction by means of a state application for writ of habeas corpus. The Texas Court of Criminal Appeals denied the first without written order and dismissed the second because plaintiff had discharged his sentence